FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ FEB 27 2017 ★
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

KEVIN PURNELL,

Plaintiff,

-against-

LORDES MARTINEZ and FRANCO FRANTELLIZZI,

Defendants.

---

ORDER
15-CV-4869 (JFB)(ARL)

JOSEPH F. BIANCO, District Judge:

By Order dated January 4, 2017 (the "Order," ECF No. 34), the Court adopted a Report and Recommendation ("R&R," ECF No. 32) from Magistrate Judge Lindsay recommending that the Court grant defendant parole officer Lordes Martinez's motion to dismiss (ECF No. 22) *pro se* plaintiff Kevin Purnell's ("plaintiff") claims against defendant Martinez. The R&R instructed that any objections to the R&R be submitted within fourteen (14) days of service of the R&R. By letter dated January 23, 2017, plaintiff informed the Court that he had not received a copy of the R&R (ECF No. 35), and defendant's letter dated January 25, 2017 explained that defendant mistakenly mailed a copy of the R&R to plaintiff at the incorrect address (ECF No. 36). Accordingly, the Court vacated the Order and provided plaintiff with an opportunity to submit objections to the R&R (ECF No. 38), which plaintiff timely filed on February 21, 2017 (ECF No. 42). The Court has reviewed plaintiff's objections under a *de novo* standard of review, and for the reasons set forth below, the Court adopts the thorough and well-reasoned R&R in its entirety and grants defendant Martinez's motion to dismiss.

## I. STANDARD OF REVIEW

A district judge may accept, reject, or modify, in whole or in part, the findings and

recommendations of the Magistrate Judge. *See DeLuca v. Lord*, 858 F. Supp. 1330, 1345 (S.D.N.Y. 1994); *Walker v. Hood*, 679 F. Supp. 372, 374 (S.D.N.Y. 1988). As to those portions of a report to which no "specific written objections" are made, the Court may accept the findings contained therein, as long as the factual and legal bases supporting the findings are not clearly erroneous. *See* Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 149 (1985). When a party submits a timely objection to a report and recommendation, the district judge will review the parts of the report and recommendation to which the party objected under a *de novo* standard of review. *See* 28 U.S.C. § 636(b)(1)(C) ("A judge of the court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made."); Fed. R. Civ. P. 72(b)(3) ("The district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.").

## II. ANALYSIS

In her R&R, Magistrate Judge Lindsay recommended that plaintiff's Fourth Amendment search-and-seizure claim under 42 U.S.C. § 1983 against defendant Martinez be dismissed as barred by qualified immunity. The search in question was conducted while plaintiff was on parole following a criminal conviction and prison sentence in New York State, and "[u]nder New York State law, as announced by the New York Court of Appeals in *People v. Huntley*, the determination as to whether a warrantless parole search 'was unreasonable and thus prohibited by constitutional proscription must turn on whether the conduct of the parole officer was rationally and reasonably related to the performance of the parole officer's duty.'" *United States v. Barner*, 666 F.3d 79, 84 (2d Cir. 2012) (quoting *People v. Huntley*, 43 N.Y.2d 175, 181 (1977)). This "New York rule

is coextensive with the requirements of the Fourth Amendment . . . because the doctrine of 'special needs,' permits those searches that are reasonably related to the special needs animated by management of a parole system." *United States v. Grimes*, 225 F.3d 254, 259 n.4 (2d Cir. 2000) (citation omitted).

Here, based upon the allegations in the amended complaint, Magistrate Judge Lindsay held that "it was objectively reasonable for Parole Officer Martinez to believe that a warrantless search was appropriate" based on "the government's substantial interest in supervising parolees"; plaintiff's consent to warrantless searches of his "person, residence and property" as a condition of his parole; and defendant Martinez's duty as a parole Officer "'to investigate whether a parolee is violating the conditions of his parole.'" (R&R at 8 (quoting *United States v. Barner*, 666 F.3d 79, 85 (2d Cir. 2012).) Finally, Magistrate Judge Lindsay determined that the fact that defendant Martinez was accompanied by police officers during the search at issue, which led to the seizure of illegal drugs and related criminal charges against plaintiff, did not transform defendant Martinez into a police agent because the "Second Circuit . . . has explicitly rejected this 'stalking horse' argument, i.e., where a parolee 'contends that his parole officer was used as a "stalking horse" to conduct a home visit so that law enforcement officers could evade the Fourth Amendment's usual warrant and probable cause requirements for police searches and seizures.'" (R&R at 8-9 (quoting *United States v. Speed*, 272 F. App'x 88, 91 (2d Cir. 2008).) "Thus, it is clear in the Second Circuit, where a police officer accompanies a parole officer in performing a parole search, a warrant is not required, so long as the search is rationally and reasonably related to the parole officer's duties." *Rodriguez v. Rodriguez*, No. 10 CIV. 00891 LGS, 2013 WL 4779639, at *6 (S.D.N.Y. July 8, 2013); *see also United States v. Reyes*, 283 F.3d 446, 463 (2d Cir. 2002) ("[T]he objectives and duties of probation officers and law enforcement personnel are unavoidably parallel

and are frequently intertwined. Indeed, it is difficult to imagine a situation where a probation officer conducting a home visit in conjunction with law enforcement officers, based on a tip that the probation officer has no reason to believe conveys intentionally false information about a supervisee's illegal activities." (footnote omitted)).

In his objections to the R&R, plaintiff raises the same arguments he asserted in his opposition to defendant Martine's motion to dismiss, namely that (1) defendant Martinez acted outside the scope of her duties as a parole officer because she conducted the warrantless search at issue "solely for the purpose of obtaining evidence of a crime"; (2) defendant Martinez was acting as an agent of the police because she was accompanied during the search by, *inter alia*, defendant Detective Franco Frantellizzi; and (3) Defendant Martinez conducted the search on the basis of a prior tip by defendant Frantellizzi that plaintiff was engaged in drug activity.

Plaintiff's objections are unavailing under *Reyes*, 283 F.3d at 446, which is squarely on point. There, a federal Drug Enforcement Agency ("DEA") agent contacted the defendant's probation officer to inform him that the defendant might be involved in drug distribution, and the probation department coordinated a visit of defendant's home with the DEA and New York State law enforcement officers, whereupon a warrantless search discovered illegal drugs. *Id.* at 451-53. The Second Circuit held that this search was not unconstitutional because of the defendant's diminished expectations of privacy in his home as a condition of his probation—which meant that "he *knew* he was subject to home visits by a probation officer at any time as a condition of his supervised release." *Id.* at 460. The Second Circuit also rejected the defendant's argument that "the probation officers' conduct in this case [was] prohibited by the so-called 'stalking horse' theory, pursuant to which a probation officer may not use his authority to conduct a home visit to help law enforcement officers evade the Fourth Amendment's usual warrant and probable cause

requirements for police searches and seizures." *Id.* at 462 (footnote omitted). The Court held, *inter alia*, that while the search was conducted as a coordinated effort by the DEA and the probation department, "the law permits such cooperation as long as the probation officers are pursuing legitimate probation-related objectives." *Id.* at 464.

Accordingly, having conducted a *de novo* review, this Court agrees with Magistrate Judge Lindsay that under *Reyes* and "the circumstances alleged in the pleadings, it was objectively reasonable for Parole Officer Martinez to believe that she had authority to conduct the search." (R&R at 9.)

## III. CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED that the Court adopts the R&R in its entirety. Accordingly, defendant Martinez's motion to dismiss (ECF No. 22) is granted in its entirety, and plaintiff's claims against defendant Martinez are dismissed. Plaintiff is denied leave to re-plead because the defects in his amended complaint are substantive and any attempt to re-plead would be futile. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of any appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Joseph Bianco

Joseph F. Bianco
United States District Judge

Dated: February 27, 2017
Central Islip, New York